UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHRISTOPHER SEAN APPLEGATE *et al.*,                                                         Plaintiffs,

v.                                             Civil Action No. 3:17-cv-P197-DJH

SHERIFF MARK BOLTON *et al.*,                                                   Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Christopher Sean Applegate, Jaaron Wilson, and Jesse Passmore, pretrial detainees incarcerated at the Louisville Metro Department of Corrections (LMDC), filed *pro se* a 42 U.S.C. § 1983 action with the Court (DN 1). The complaint was filed on the Court-approved form for filing a § 1983 action. All three inmates are listed in the caption of the complaint and all three purportedly signed the complaint. However, the allegations in the complaint involve only one inmate, as the statement of the claims are written in the singular "I" and "my." In addition to the filing of the complaint, only Plaintiff Applegate filed an application to proceed without prepayment of fees (DN 3). However, he filed no prison trust account statement, and the certification on the application to proceed without prepayment of fees was left blank. Where, as here, there are multiple Plaintiffs, the Sixth Circuit directs that each Plaintiff pay a proportionate share of the filing fee. *Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999). Thus, each Plaintiff must pay his share or file an application to proceed without prepayment of fees and a copy of his relevant prison trust account statement.

Due to the deficiencies with the filing of the complaint, the Court was unable to properly assess the filing fee or perform initial review of the complaint. Thus, on May 4, 2017, the Court entered a Memorandum and Order (hereinafter "Order") (DN 4) in which Plaintiffs were ordered

to fix the deficiencies with the complaint and the filing fee within 30 days of entry of the Order. The Order further warned Plaintiffs that failure to comply with the Order within the time allowed would result in dismissal of this action. Over two months have passed since the entry of that Order, and Plaintiffs have not responded to the Order or taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiffs have failed to comply with a straightforward Order of this Court (DN 4) or take any action in response to the Court's Order, the Court concludes that Plaintiffs

have abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: July 6, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
4415.003

3